In re The **BALTIMORE SUN COMPANY**, Plaintiff–Appellant,

v.

The Honorable **Clarence E. GOETZ**, United States Magistrate, Defendant–Appellee.

No. 88–3601.

United States Court of Appeals, Fourth Circuit.

Argued April 12, 1989.

Decided Sept. 15, 1989.

Henry Robbins Lord (Stephen H. Kaufman, Piper & Marbury, Baltimore, Md., on brief), for plaintiff-appellant.

Richard C. Kay, Law Clerk (Breckinridge L. Willcox, U.S. Atty.; Barbara Slaymaker Sale, Asst. U.S. Atty., Baltimore, Md., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, and RUSSELL, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

The Baltimore Sun Co., a newspaper publisher, appeals the district court's order denying its petition for a writ of mandamus ordering a magistrate to unseal a search warrant affidavit. The principal issue is whether either the first amendment or the common law confers a qualified right of access to inspect and copy affidavits supporting search warrants in the interval between execution of the warrants and indictment.[1] Subsidiary issues, raised by the government, are whether this appeal is moot and whether mandamus is an appropriate remedy. We hold that the appeal is not moot and that mandamus is appropriate. Although the press and public do not have a first amendment right of access, they have a qualified common law right of access. Because the district court did not recognize this right, we vacate its judgment, but remand is unnecessary.

I

On January 27, 1988, a magistrate issued three search warrants related to an FBI investigation of fraud and organized crime in the health insurance industry. The warrants were based on the affidavit of an FBI agent. Upon the request of the government, the magistrate sealed the papers. The warrants were executed and returned on January 28 and 29. On March 3, 1988, the magistrate unsealed the warrants and returns but left the supporting affidavit sealed.

The Sun sought without success to have the affidavit unsealed during March and April of 1988. On May 4, 1988, the Sun petitioned to intervene, seeking relief in the form of inspection and publication of the affidavit. The government filed two responses to the Sun's motion—a four page document filed under seal and a two page redacted version which was delivered to the Sun.

On May 29, 1988, the magistrate denied the Sun's motion to unseal. He found that the procedures for sealing public documents and closing court proceedings, set out by this court in *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir.1984), and *In re Washington Post Co.*, 807 F.2d 383 (4th Cir.1986), were inapplicable to the sealing of an affidavit supporting a search warrant. The magistrate concluded: "The public interest in the investigation of crime is best served by not publishing search warrants or affidavits prior to the execution of the warrant and for a reasonable time thereafter while the investigation is continuing."

After the magistrate denied its motion, the Sun filed a petition for a writ of mandamus to compel the magistrate to unseal the affidavits. The district court reviewed the

---

1. The Sun presents the following issues for review:

 1. Whether after search and seizure warrants have been issued by a federal magistrate and executed upon by law enforcement officials, the press and public have a qualified First Amendment and common law right to inspect the affidavits supporting the warrant applications?

 2. Whether a court denying the press and public access to search and seizure warrant applications must provide a reasoned opinion for the denial, including specific factual findings supporting the denial and the reasons for rejecting alternatives to sealing?

 3. Whether a United States district court judge is obligated to inspect a search warrant affidavit before determining whether a federal magistrate abused his discretion by sealing and refusing to unseal the affidavit?

unredacted version of the government's response to the Sun's motion to intervene but refused to examine the affidavit itself. The court concluded that the magistrate did not abuse his discretion. It agreed that the public's interest in effective criminal investigation outweighed the Sun's interest in publication of the affidavit and that release of the affidavit could hamper the ongoing investigation.

While this appeal was pending, indictments arising out of the FBI's investigation were returned on September 22, 1988. Three weeks later, on the government's motion, the magistrate unsealed the affidavit.

## II

■ We cannot accept the government's contention that, because the affidavit has been released to the public, this appeal should be dismissed as moot. This case falls within the exception to the mootness rule which permits judicial review when the dispute is "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This exception applies if (1) the challenged action is too short in duration to be fully litigated and (2) there is a reasonable expectation that the same party will be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975).

The government concedes, and we agree, that there is a reasonable expectation that the Sun will be subject to another sealing order denying it access to an affidavit. We are convinced that this kind of secrecy order is usually too short in duration to be litigated fully. The affidavit was unsealed within eight months after the Sun filed its petition. In similar cases the Supreme Court has held that the exception to the mootness doctrine applies. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 602–03, 102 S.Ct. 2613, 2617–18, 73 L.Ed.2d 248 (1982); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546–47, 96 S.Ct. 2791, 2796–97, 49 L.Ed.2d 683 (1976).

## III

The government also argues that the district court order should be affirmed because mandamus cannot be granted unless the petitioner shows he has "no other adequate means to attain the relief he desires." *Kerr v. United States Dist. Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). Because the Sun did not appeal the magistrate's order denying its motion to unseal, the government asserts that mandamus is not available.

■ The district court did not err by addressing the merits of the case. Mandamus, not appeal, "is the preferred method of review for orders restricting press activity related to criminal proceedings." *Washington Post*, 807 F.2d at 388. *See also Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 504–05, 104 S.Ct. 819, 821–22, 78 L.Ed.2d 629 (1984) (*Press–Enterprise I*).

## IV

The government asserts that an affidavit for a search warrant is not a judicial record; it is ancillary to the investigation of one suspected of crime and not to the criminal trial itself. Consequently, the government argues, there is no right of access to the affidavit by either press or public.

■ We reject the government's argument. "[T]he distinction between trials and other official proceedings is not necessarily dispositive, or even important, in evaluating the First Amendment issues." *Press–Enterprise I*, 464 U.S. at 516, 104 S.Ct. at 827. (Stevens, J., concurring). The requirement that warrants issue only upon oath or affirmation showing probable cause is embodied in the fourth amendment. A judicial officer must review the affidavit to determine whether the warrant should issue. This initial review is subject to further review by district and appellate courts upon motion to suppress the objects seized in the search. Federal Rule of Criminal Procedure 41(g) directs the judicial officer to file the warrant and all papers in connection with it with the clerk of the

district court.[2] The papers are then available for use in a subsequent criminal trial if its sufficiency is questioned. We therefore conclude that affidavits for search warrants are judicial records.

■ Recognizing that search warrant affidavits are judicial records, however, does not answer the question whether the press has a right of access secured by either the first amendment or the common law. The distinction between the rights afforded by the first amendment and those afforded by the common law is significant. A first amendment right of access can be denied only by proof of a "compelling governmental interest" and proof that the denial is "narrowly tailored to serve that interest." *Globe Newspaper*, 457 U.S. at 606, 102 S.Ct. at 2620. In contrast, under the common law the decision to grant or deny access is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). *See also Washington Post*, 807 F.2d at 390. The Sun claims both first amendment and common law rights of access.

## V

■ The test for determining whether a first amendment right of access is available is: 1) "whether the place and process have historically been open to the press and general public," and 2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–10, 106 S.Ct. 2735, 2740–42, 92 L.Ed.2d 1 (1986) (*Press–Enterprise II*). The Sun's claim of a first amendment right of access to the affidavit fails because it does not satisfy the first prong of the test. Twice the Supreme Court has recognized that proceedings for the issuance of search warrants are not

open. In *Franks v. Delaware*, 438 U.S. 154, 169, 98 S.Ct. 2674, 2683, 57 L.Ed.2d 667 (1978), the Court observed that the proceeding for issuing a search warrant "is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove the evidence." *See also United States v. United States Dist. Court*, 407 U.S. 297, 321, 92 S.Ct. 2125, 2138, 32 L.Ed.2d 752 (1972) (a "warrant application involves no public or adversary proceeding"). Although the Supreme Court in these decisions was not addressing the rights of the press, the common sense reason why proceedings for search warrants are not open to the public convinces us that the same principles apply when the press seeks disclosure.

■ The Sun disclaims any right to examine a search warrant affidavit before the warrant is executed, but the need for sealing affidavits may remain after execution and in some instances even after indictment. For example, the affidavit may describe continuing investigations, disclose information gleaned from wiretaps that have not yet been terminated, or reveal the identity of informers whose lives would be endangered. Frequently—probably most frequently—the warrant papers including supporting affidavits are open for inspection by the press and public in the clerk's office after the warrant has been executed. But this is not demanded by the first amendment. As we will discuss in Part VI *infra*, whether the papers are sealed when filed rests in the sound discretion of the judicial officer who issued the warrant.

The circuits are split on the press's first amendment right of access to search warrant affidavits. *Compare Times Mirror Co. v. Copley Press, Inc.*, 873 F.2d 1210, 1213–19, *amended on rehearing*, (9th Cir. 1989) (no right of access) *with In re Search Warrant for Secretarial Area*, 855 F.2d 569, 572–75 (8th Cir.1988) (right of access). In concert with the Ninth Circuit, we hold

---

**2.** Rule 41(g) provides:

The federal magistrate before whom the warrant is returned shall attach to the warrant a copy of the return, inventory and all

other papers in connection therewith and shall file them with the clerk of the district court for the district in which the property was seized.

that the press does not have a first amendment right of access to an affidavit for a search warrant.

## VI

 The Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records. *Nixon*, 435 U.S. at 597–99, 98 S.Ct. at 1311–13. Federal Rule of Criminal Procedure 41(g) facilitates observance of this right by directing the judicial officer to file all papers relating to the search warrant in the clerk's office.[3] Although the rule is silent about the time the papers should be filed, we believe implicit in the rule is the direction that they be filed within a reasonable time after the warrant is executed. It is error for a district court to conceal a motion for closure of court proceedings instead of docketing the motion. *Washington Post*, 807 F.2d at 392. Concealing warrant papers after the warrant has been executed would also be error. If the content of the papers should not be disclosed, they should be placed under seal and docketed.

 Unlike the rule of secrecy that is imposed with clearly defined exceptions on matters occurring before a grand jury,[4] Rule 41(g) is silent about disclosure of search warrant materials. Consequently, in accordance with the principles explained in *Nixon*, 435 U.S. at 599, 98 S.Ct. at 1312, the common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant. Taking into consideration, as *Nixon* requires, all of the relevant facts and circumstances, the officer may file all or some of the papers under seal for a stated time or until further order. Or, as frequently is done, he may conclude that the circumstances do not justify secrecy. The judicial officer's decision to seal, or to grant access, is subject to review under an abuse of discretion standard.[5] This brings us to the final issue which deals with the procedure the judicial officer should follow.[6]

## VII

 In *Press–Enterprise I*, 464 U.S. at 510, 104 S.Ct. at 824, the Court emphasized that the interest to be protected by closing trial proceedings must "be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." We applied these precepts to sealing judicial documents in *Washington Post*, 807 F.2d at 389–90, and *Knight Publishing*, 743 F.2d at 235. The procedures outlined in these cases can be modified to accommodate the sealing of search warrant papers. The motion to seal all or part of the papers is usually made when the government applies for the warrant. Frequently the proceedings must be conducted with dispatch to prevent destruction or removal of the evidence. *See Franks*, 438 U.S. at 169, 98 S.Ct. at 2683. The judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable. But the decision to seal the papers must be made by the judicial officer; he cannot abdicate this function. *See Washington Post*, 807 F.2d at 391–92. If appropriate, the government's submission and the officer's reason for sealing the documents can be filed under seal. 807 F.2d at 391.

 Since the application and issuance of a warrant are necessarily closed to press and public, notice can be given by docketing the order sealing the documents. If someone desires to inspect the papers, an opportunity must be afforded to voice objections to the denial of access.

 The judicial officer may deny access when sealing is "essential to pre-

---

3. For text of rule *see* n. 2 *supra*.

4. *See* Fed.R.Crim.P. 6(e).

5. Appellate review can be preserved by a stay of an order giving access to the papers. *See Times Mirror*, 873 F.2d at 1212.

6. The Sun has not raised any issue about the reasons for sealing.

serve higher values and is narrowly tailored to serve that interest." *Press–Enterprise I,* 464 U.S. at 510, 104 S.Ct. at 824; *Washington Post,* 807 F.2d at 390. In that event, the judicial officer must consider alternatives to sealing the documents. *See Press–Enterprise I,* 464 U.S. at 501, 104 S.Ct. at 819; *Knight Publishing,* 743 F.2d at 235. This ordinarily involves disclosing some of the documents or giving access to a redacted version. Here the magistrate observed this requirement; he did not seal the warrant, return, and inventory. The government offered to disclose a redacted version of the affidavit, but the district court erroneously declined to have this done. Both the magistrate and the district court concluded that the public interest in the investigation of crime outweighed the Sun's interest in access prior to return of the indictments. But conclusory assertions are insufficient to allow review; specificity is required. *See Press–Enterprise II,* 478 U.S. at 14, 106 S.Ct. at 2743; *Washington Post,* 807 F.2d at 392. To make findings and conclusions specific enough for appellate review, the district court must examine the affidavit when considering a magistrate's order. Although the court can adopt as findings the facts presented by the government, it must independently determine the question of abuse of discretion.

Because the magistrate and the district court did not follow acceptable procedures, the judgment of the district court sustaining the magistrate's sealing of the affidavit is vacated. Further proceedings in the district court are unnecessary because the affidavit has been unsealed.