**In the Matter of the Search of FLOWER AVIATION OF KANSAS, INC. 2524 Hein, Salina, Kansas, Movant.**

**Nos. 92–4001MO1, 92–4002MO1.**

United States District Court, D. Kansas.

April 21, 1992.

Richard L. Hathaway, Asst. U.S. Atty., Topeka, Kan., for U.S.

Robert S. Jones, Norton, Wasserman, Jones & Kelly, Salina, Kan., for Flower Aviation of Kansas, Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of Flower Aviation of Kansas, Inc. ("movant" or "Flower Aviation") to unseal affidavits for two search warrants which were placed under seal by Magistrate Judge Ronald C. Newman following execution of the warrants. The search warrants and supporting affidavits relate to an ongoing criminal investigation in which no indictments have been returned.

In its motion, Flower Aviation contends that it has a first amendment right to disclosure of the supporting affidavits pursuant to Fed.R.Crim.P. 41(g). Rule 41(g) requires that upon the return of the executed search warrant, all papers in connection with the search warrant are to be filed with the district court in which the property was seized. Thus, movant contends, the warrant papers become a matter of public record, and it has a first amendment right to the information citing *Certain Interested Individuals, John Does I–V, Who Are Employees of McDonnell Douglas Corp. v. Pulitzer Publishing Co.*, 895 F.2d 460, 466 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 214, 112 L.Ed.2d 173 (1990) (*Certain Interested Individuals*); *In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207 (D.R.I.1980). Movant also contends that it has a common law right to access to this information, and that it has a right to access as an aggrieved party of an unlawful search under Fed. R.Crim.P. 41(e).

In response, the government argues that no first amendment right to the papers exists, nor does there exist any common law right. Thus, the government urges this court to adopt the position of the Ninth Circuit Court of Appeals in *Times Mirror Co. v. United States,* 873 F.2d 1210 (9th Cir.1989), in which the court held that upon a showing by the government that an ongoing criminal investigation exists, the search warrant and related documents may be sealed. The government further urges the court, in the event it declines to adopt the *Times Mirror Co.* standard, to deny Flower Aviation's motion on the basis that compelling reasons exist to maintain the affidavits under seal.

■ This court's research has revealed no Tenth Circuit Court of Appeals' decisions in point. Among the four circuits which have addressed this issue in the same or similar contexts, various standards have emerged. *Compare Certain Interested Individuals,* 895 F.2d at 466 (qualified first amendment right; however, preindictment status tips the balance in favor of nondisclosure); *In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 572–73 (8th Cir. 1988) (first amendment right extends to documents filed in support of search warrant applications); *Baltimore Sun Co. v. Goetz,* 886 F.2d 60, 65 (4th Cir.1989) (com-

368

mon law right of access, but no first amendment right); *United States v. Corbitt*, 879 F.2d 224, 228–29 (7th Cir.1989), *cert. denied*, —— U.S. ——, 112 S.Ct. 86, 116 L.Ed.2d 58 (1991) (first amendment right to judicial records is no broader than common law right; common law right attaches to presentence reports); *Times Mirror Co.*, 873 F.2d at 1213–19 (no first amendment or common law right of access to search warrant affidavits).

The court has studied the above-cited cases and adopts the reasoning and analysis applied in *Baltimore Sun Co.*, 886 F.2d 60. In *Baltimore Sun Co.*, the Fourth Circuit held that a qualified first amendment right to warrant papers does not exist because proceedings for the issuance of search warrants are not traditionally open to the public, as has been recognized on two separate occasions by the Supreme Court. 886 F.2d at 64 (citing *Franks v. Delaware*, 438 U.S. 154, 169, 98 S.Ct. 2674, 2683, 57 L.Ed.2d 667 (1978) and *United States v. United States Dist. Court*, 407 U.S. 297, 321, 92 S.Ct. 2125, 2138, 32 L.Ed.2d 752 (1972)). *See Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 106 S.Ct. 2735, 2740, 92 L.Ed.2d 1 (1986) (whether a first amendment right of access attaches to criminal proceedings depends on "whether the place and process have historically been open to the press and general public").

■ Nevertheless, the *Baltimore Sun Co.* court further held that a common law right of access to warrant papers, as official judicial records, does exist citing *Nixon v. Warner Communications, Inc*, 435 U.S. 589, 597–99, 98 S.Ct. 1306, 1311–12, 55 L.Ed.2d 570 (1978). In *Nixon*, the Supreme Court discussed in general terms the common law right to access to judicial records, and further discussed the qualified nature of this right. The Supreme Court recognized the difficulties of defining this right and in identifying all the pertinent factors which must be considered when assessing whether to seal various documents. *Id.* at 599, 98 S.Ct. at 1312. The *Nixon* Court ultimately concluded that the decision whether access is appropriate is a decision

which is in the trial court's sound discretion. *Id.*

Applying the principles recognized in *Nixon*, the Fourth Circuit Court of Appeals concluded that although Fed.R.Crim.P. 41(g) requires the filing of search warrant materials, in certain situations after full consideration of all of relevant facts and circumstances, the court may conclude that access is either warranted or should be denied. *Baltimore Sun Co.*, 886 F.2d at 65. The Fourth Circuit Court of appeals further recognized that sealing may be appropriate where it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 66 (quoting *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 504–05, 104 S.Ct. 819, 821, 78 L.Ed.2d 629 (1984)).

■ Upon consideration of the affidavits under seal, the exhibits submitted *in camera*, the parties' contentions and applicable law, the court finds that movant's request to unseal the warrant papers should be denied. The court finds that the sensitive nature of the information contained in the affidavits, the procedural posture of the criminal investigation, and events which have preceded this motion all weigh in favor of maintaining the affidavits under seal. Specifically, the court finds that a criminal investigation is ongoing and that while the search warrants in issue have already been executed, the identities of various persons mentioned in the affidavits should be kept confidential to protect their privacy interests and safety. This is especially true because an indictment has not been issued in this matter. *See Certain Interested Individuals*, 895 F.2d at 466 (absence of an indictment weighs heavily in favor of the privacy interests and nondisclosure). Further, the court has considered redacting portions of the affidavits, and finds that this method would not protect the identities of various individuals due to the context in which they are mentioned and because the documents contain multiple references to various individuals. Moreover, the court finds that disclosing the affidavits at this time would tend to reveal the nature and scope of the govern-

ment's ongoing investigation. In this regard, the court finds that because various pieces of evidence already have been destroyed between the execution of the first and second warrants, as movant candidly admits, the affidavits should be maintained under seal to protect against any further destruction of evidence.[1] Accordingly, the court finds that the balance tips in favor of maintaining the search warrant affidavits under seal at this time, and thus, movant's request will be denied.[2]

In addition, the court has considered the movant's argument that it is entitled to access as an aggrieved party under Fed. R.Crim.P. 41(e). The court finds that this argument does not militate in favor of unsealing the affidavits at the present time. Specifically, the court finds that movant has not challenged the lawfulness of the search in the manner in which it was executed, nor has the movant challenged the scope of the warrant. Thus, the only remaining basis for a challenge would be whether the warrants are supported by probable cause based upon the "totality of the circumstances." *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The court has reviewed the warrants and the affidavits under seal and finds the warrants to be supported by probable cause.[3] Further, to the extent that movant claims it is unable to operate its business without various documents seized by the government, the court has reviewed the exhibits submitted by the government, exhibits 1, 2 and 3, and finds this argument to be lacking in merit because the government has offered to make these documents, or copies of the same, available to the movant. Accordingly, Flower Aviation's motion to unseal the affidavits in support of the search warrants will be denied at this time.

IT IS BY THE COURT THEREFORE ORDERED that the motion of Flower Avi-

ation of Kansas, Inc. to unseal affidavits for search warrants is denied.

IT IS FURTHER ORDERED that the affidavits shall remain under seal for 90 days from the date of this order, or until an indictment is returned in this matter, whichever occurs first. In the event that the government deems it necessary to maintain the affidavits under seal beyond this time, the government must move the court to further extend its order sealing the warrant papers.

---

**1.** The court finds movant's argument that all the evidence has been seized to be unpersuasive. The court has no way of assessing this contention.

**2.** The court further finds that even if a qualified first amendment right does exist in the instant matter, the government has demonstrated a

compelling reason to deny access to the search warrant affidavits for the same reasons previously stated in the court's findings.

**3.** The court's finding at this time does not foreclose a subsequent challenge to the adequacy of the search warrant in the event that an indictment is returned at a later date.