989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Petitioner-Appellee,
v.
Larry M. PHILLIPS, Respondent-Appellant.
 No. 92-6064.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 3, 1992
Decided: March 9, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-852-HC)
 Jeffrey Lee Starkweather, Chapel Hill, North Carolina, for Appellant.
 Linda Kaye Teal, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 On January 6, 1992, the district court ordered that Larry M. Phillips be committed to the custody of the Attorney General for hospitalization and treatment, pursuant to 18 U.S.C. § 4245(d) (1988). Based on that order, Phillips was confined to the Mental Health Unit of the Federal Correctional Institution in Butner, North Carolina. Phillips appealed, seeking release from his involuntary commitment. Phillips argued that the district court could not involuntarily commit a prisoner who consented to voluntary hospitalization and treatment.[1]
 
 
 2
 On December 1, 1992, two days before oral argument in this Court, the district court released Phillips from the Mental Health Unit and returned him to the general prison population for the remainder of his sentence as provided in 18 U.S.C. § 4246(e) (1988). For this reason, we requested that the parties brief the issue of mootness.
 
 
 3
 After reviewing the supplemental materials provided by the parties, we find that Phillips's appeal is moot. Because Phillips has obtained the relief he sought, there is no live case or controversy. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam); Broughton v. North Carolina, 717 F.2d 147, 148 (4th Cir. 1983) (per curiam) (obtaining relief sought generally moots case), cert. denied, 466 U.S. 940 (1984).
 
 
 4
 Although Phillips concedes that his case presents no live controversy, he nonetheless urges that the appeal should go forward primarily because his case falls under the "capable of repetition, yet evading review" exception to the mootness doctrine. See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 63 (4th Cir. 1989). "This exception applies if (1) the challenged action is too short in duration to be fully litigated and (2) there is a reasonable expectation that the same party will be subjected to the same action again." Id. (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam)). In this context, a "reasonable expectation" must be more than a "theoretical possibility." Murphy v. Hunt, 455 U.S. at 482.
 
 
 5
 Here, Phillips argues that he may have future episodes of severe psychosis that may lead the medical staff at Butner once again to seek to commit him involuntarily. However, the medical staff at the facility has concluded that with appropriate medication Phillips runs little risk of further psychotic episodes. Phillips's treating psychiatrist and psychologist have also determined that Phillips's schizophrenia is presently in remission and that he is completely symptom-free. Consequently, a recurrence of the present controversy is no more than a "theoretical possibility." Thus, Phillips's case is not "capable of repetition, yet evading review."
 
 
 6
 Phillips also cites Carafas v. La Vallee, 391 U.S. 234 (1968), to support his argument that his case is not moot. Carafas held that a habeas petitioner may appeal a conviction even after release from custody if the conviction carries the potential for adverse collateral consequences. Id. at 237-38. Phillips cites no authority applying the Carafas "collateral consequences" doctrine to orders of civil commitment, and we decline to extend Carafas to such orders. Cf. United States v. Holmes, 900 F.2d 1322, 1322 (8th Cir. 1990) (en banc) (mooting challenge under § 4245 after release and completion of sentence; no mention of collateral consequences). Moreover, Phillips's allegations of collateral consequences are entirely speculative. Phillips argues that the Government may seek to retain him in custody because his release may pose a danger to others. 18 U.S.C. § 4246(a) (1988). The Government, he contends, may try to use his § 4245 commitment as evidence of his dangerousness. The Government can proceed under § 4246(a), however, only if Phillips is hospitalized, a 6350 35 1 condition which, as we have noted above, is unlikely.
 
 
 7
 Because neither exception to the mootness doctrine applies to Phillips's case, his appeal is moot. "When a case is rendered moot while on appeal, the established practice is to reverse or vacate the judgment below and remand with a direction to dismiss." Maryland Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1250 (4th Cir.) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)), cert. denied, 112 S. Ct. 373 (1991). We therefore vacate the district court's order of January 6, 1992, and remand with instructions to dismiss the case.[2]
 
 
 8
 VACATED AND REMANDED WITH INSTRUCTIONS TO DISMISS
 
 
 
 [1]
 The staff at Butner instituted proceedings against Phillips because he initially refused voluntary admission and his psychologist had opined that he was not competent to give informed consent due to the severity of his psychosis. The next day, however, Phillips signed a consent form for voluntary hospitalization. Phillips contends that he was competent to give his consent and that his consent was properly given
 
 
 [2]
 Moreover, our disposition under Munsingwear should resolve any concerns about potential collateral consequences of the district court's order. The very purpose of vacating the district court's order is to insure that no collateral consequences flow from an order which has escaped appellate review on the merits. See 13A Charles A. Wright et al., Federal Practice and Procedure § 3533.10, at 441 (2d ed. 1984)