37 F.3d 1495
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 STATE of North Carolina, on Relation of James E. Long,
Commissioner of Insurance of North Carolina,
Plaintiff-Appellant,
v.
David M. WARREN, Trustee in Bankruptcy for Harley Francis
Ringer, Defendant-Appellee.
 No. 93-2541.
 United States Court of Appeals, Fourth Circuit.
 Argued July 21, 1994.
Decided October 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-93-280, BK-92-153-8-AP)
 ARGUED: Elizabeth Clementine Peterson, Asst. Atty. Gen., State of North Carolina, Raleigh, NC, for appellant.
 David Marion Warren, Poyner & Spruill, L.L.P., Rocky Mount, NC, for appellee.
 E.D.N.C.
 VACATED AND REMANDED
 
 
 1
 Before WILKINSON and LUTTIG, Circuit Judges, and Joseph F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 PER CURIAM
 
 2
 The State of North Carolina ("the State"), on relation of James E. Long, Commissioner of Insurance of North Carolina, appeals the district court's judgment and order of October 19, 1993 in this bankruptcy case. The Appellant raises two issues on appeal. First, the Appellant contends that the district court erred in holding that the automatic stay applies to the State's actions to determine the Debtor's outstanding bail bond obligations. Second, the Appellant contends that the district court erred in holding that the Debtor's obligations on forfeited bail bonds are dischargeable debts. We conclude that the first issue has become moot; therefore, we vacate that portion of the district court's order. As to the second issue, we decline to address its merits, but rather remand the case to the district court with instructions to dismiss for failure to join a necessary party.
 
 I.
 
 3
 The Debtor, Harley Francis Ringer, was a licensed professional bail bondsman in North Carolina from October 10, 1988 to March 27, 1991. As a condition of doing business as a professional bail bondsman in North Carolina, he was required to maintain with the Commissioner of Insurance a deposit of securities having a fair market value of at least one-eighth of the total amount of outstanding bonds in North Carolina on which he was absolutely or conditionally liable. N.C. Gen.Stat. Sec. 58-71-145. According to the statute, these funds were to be "held in trust for the sole protection and benefit of the holder of bail bonds executed by or on behalf of the undersigned bondsman in this State." N.C. Gen.Stat. Sec. 58-71-150. Also, the statute required the Debtor to furnish to the Commissioner of Insurance a power of attorney authorizing the Commissioner to sell or transfer these securities to satisfy any liabilities on outstanding bail bonds. N.C. Gen.Stat. Sec. 58-71-155. The Debtor retained a possible reversionary interest in these securities in the event that the Commissioner determined that the outstanding obligations have been, or will be, satisfied. N.C. Gen.Stat. Sec. 58-71-150.
 
 
 4
 On March 6, 1991, the Debtor filed for protection under Chapter 7 of the Bankruptcy Code. At the time the Debtor filed his bankruptcy petition, he had on deposit with the Commissioner of Insurance $55,000.00 in certificates of deposit. However, the Debtor also had bail bond forfeiture judgments that exceeded the amount on deposit with the Commissioner. The Debtor received a discharge on June 11, 1991.
 
 
 5
 On July 2, 1992, the State filed an adversary proceeding against David M. Warren, the Debtor's trustee in bankruptcy. In its action, the State sought a declaratory judgment regarding the ownership of the securities the Debtor had deposited in trust with the Commissioner of Insurance. Both parties moved for summary judgment.
 
 
 6
 The bankruptcy court concluded that the securities on deposit with the Commissioner of Insurance were property of the Debtor's estate because of the possibility that the Debtor would be entitled to a refund of those assets. Thus, the bankruptcy court held that the automatic stay applies to the securities. However, the bankruptcy court granted the State relief from the stay to allow the State to pursue whatever actions were necessary to determine its entitlement to the funds under state law. In addition, the bankruptcy court held that the debts representing the bail bondsman's forfeiture judgments were dischargeable under sections 727(a) and 523 of the Bankruptcy Code.
 
 
 7
 The State appealed the bankruptcy court's order and judgment, and the district court affirmed. On appeal to this court, the State argues that the district court erred both in concluding that the securities were subject to the automatic stay and in determining that the bail bond forfeitures were dischargeable debts. We address these issues below.
 
 II.
 
 8
 The State suggests that the securities held in trust by the Commissioner of Insurance are exempt from the Debtor's automatic stay because, it argues, actions to enforce its rights to those funds fall within the State's police or regulatory power. The State contends that, in order to properly regulate its bail bonding laws and thereby maintain the integrity of its criminal justice system, it must be able to take any action required by state law without interruption or interference from the bankruptcy court.
 
 
 9
 At oral argument, the court suggested that this issue may have become moot because the State received relief from the stay and, during the pendency of the appeal, applied the full amount of the deposits to the money judgments it obtained against the Debtor on forfeited bail bonds. Accordingly, the court directed the Appellee to file a suggestion of mootness and directed the Appellant to file a response. After receiving and reviewing these supplemental briefs, we conclude that this issue has, in fact, become moot.
 
 
 10
 Article III of the United States Constitution gives federal courts power to hear only actual cases or controversies. As we have previously recognized, "[t]o remain a justiciable controversy, a suit 'must remain alive throughout the course of litigation, to the moment of final appellate disposition.' " Bahnmiller v. Derwinski, 923 F.2d 1085, 1088 (4th Cir.1991) (quoting 13A Charles A. Wright et al., Federal Practice and Procedure Sec. 3533, at 211 (2d ed.1984)). We agree with the Appellee that the issue of whether the automatic stay applies to the securities the Debtor deposited with the Commissioner of Insurance is moot. Because the State received relief from the stay and used the securities to satisfy outstanding judgments on bail bond forfeitures, the deposits are no longer available to present a potential controversy between the State and the bankruptcy trustee.
 
 
 11
 Furthermore, we do not believe that the State can establish an exception to the mootness doctrine with respect to this portion of the case. The State first suggests that the stay issue is not moot because it is capable of repetition yet evading review. To establish this exception to the mootness doctrine, the State would have to show: "(1) the challenged action is too short in duration to be fully litigated and (2)there is a reasonable expectation that the same party will be subjected to the same action again." Baltimore Sun Co. v. Goetz, 886 F.2d 60, 63 (4th Cir.1989) (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). We may assume that the State is likely again to face the applicability of the bankruptcy stay to bail bondsman's deposits; however, we are not persuaded that this issue is evading of future review. We see no reason to suspect that a future case could not obtain complete appellate review while the automatic stay remains in full force and effect.
 
 
 12
 The State also suggests that the "collateral consequences" exception to the mootness doctrine applies in this case. We have recognized this exception where a convicted criminal defendant petitions for habeas corpus and is released from custody while his appeal is pending. In such circumstances, the appeal would generally be moot because the petitioner has already received the relief that he requests in his petition. However, we have allowed the petitioner to continue the appeal of his conviction if the conviction carries the potential for adverse collateral consequences. E.g., Nakell v. Attorney General, 15 F.3d 319, 322 (4th Cir.1994) (citing Carafas v. La Vallee, 391 U.S. 234, 237 (1968)), petition for cert. filed, No. 94-8, 63 U.S.L.W. 3064 (June 2, 1994). In such circumstances, the appeal is not moot, because the petitioner retains a " 'substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed.' " Id. at 322 (quoting Carafas, 391 U.S. at 237). We decline the State's entreaty to apply the collateral consequences exception to this case.
 
 
 13
 Finally, the State asserts that the court may retain this appeal for decision because the appeal involves questions of public interest, even though it may have become moot as to the particular parties. We do not accept the State's argument and decline to render an advisory opinion on this issue.
 
 
 14
 Because we find that none of the exceptions to the mootness doctrine applies to this portion of the State's case, the appeal is moot. "When a case is rendered moot while on appeal, the established practice is to reverse or vacate the judgment below and remand with a direction to dismiss." Maryland Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1250 (4th Cir.) (citing United States v. Munsingwear, 340 U.S. 36, 39 (1950)), cert. denied, 112 S.Ct. 373 (1991). Accordingly, we vacate the relevant portion of the district court's order of October 19, 1993 and remand with instructions to dismiss.
 
 III.
 
 15
 Next, the State contends that the district court erred in holding that the forfeitures on bail bonds issued by the Debtor were dischargeable debts. In response the Trustee argues, inter alia, that the State should not be allowed to contest the dischargeability of these debts because the Debtor is not a party to this action. The Trustee notes that he does not represent the Debtor's interests and that it is not the Trustee's duty to defend the dischargeability of the Debtor's obligations to the State.
 
 
 16
 The court agrees that the Debtor is a necessary party in an action in which the dischargeability of certain debts is to be adjudicated. Due process concerns compel the court to conclude that the Debtor must be a party to an action that raises the dischargeability of the Debtor's debts. Discharge of one's debts is undeniably the most significant benefit to an individual debtor who files for bankruptcy under Chapter 7. Therefore, a debtor must be afforded sufficient notice and opportunity to be heard in proceedings that challenge the dischargeability of certain debts.
 
 
 17
 Moreover, Fed.R.Civ.P. 19(a) provides, in part, that "a person shall be joined in [an] action if ... the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect that interest."* The Debtor would certainly be an indispensable party in an action that raises the dischargeability of certain debts.
 
 
 18
 Because we conclude that the Debtor is necessary for just adjudication in this case, we decline to address whether a bail bondsman's debts on bond forfeitures are dischargeable in bankruptcy. Accordingly, we vacate the district court's order as it relates to that issue. We remand the case to the district court with instructions to dismiss the action for failure to join a necessary party.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 Rule 19 of the Federal Rules of Civil Procedure applies in adversary proceedings in bankruptcy. Fed. R. Bankr.P. 7019