Dear Jennifer K. Etheridge
You have asked for our opinion whether the State's Attorney's Office may disclose to community associations the location and date of the execution of search warrants related to controlled dangerous substances in their communities. You indicate that community organizations have expressed an interest in such information for purposes of nuisance abatement actions with respect to properties used by drug offenders.
Except for certain specifically authorized purposes, the Maryland Rules require that search warrant materials be filed with the court and sealed, and that public officials refrain from disclosing their contents in the absence of a court order. Thus, unless the address and date of execution of a search warrant have already been publicly disclosed — for example, as a result of a criminal prosecution) the State's Attorney may not provide that information to a community organization without a court order. In our opinion, disclosure to a community organization of the date on and location from which illegal drugs or paraphernalia have been seized would further the public policy goals of the nuisance abatement law and, hence, would be an appropriate basis for a court order.
 I Drug Nuisance Abatement Actions
One of the civil remedies available under Maryland law against illegal drug activity is the nuisance abatement action. Such an action may be brought in the District Court with respect to a property where drug users assemble to administer illegal drugs or which is used for the illegal manufacture or storage of controlled dangerous substances and paraphernalia. Annotated Code of Maryland, Real Property Article ("RP"), § 14-120. A drug nuisance abatement action may be initiated by the local government, the State's Attorney, or a community association. RP § 14-120(b). The court may issue an injunction against the owner and any tenants, and other specific forms of relief, to remedy the situation.[1] RP § 14-120(e)-(g). A community association that brings abatement action may obtain an award of costs and attorney's fees. RP § 14-120(i).
The drug nuisance abatement statute specifically allows the introduction of reputation evidence concerning the property at a hearing or trial of the action. RP § 14-120(h). In permitting the use of such evidence, the statute also contemplates that evidence obtained during the execution of a search warrant may also be introduced in the proceeding. In particular, it states:
 Evidence of the general reputation of the property is admissible to corroborate testimony based on personal knowledge or observation, or evidence seized during the execution of a search and seizure warrant, but shall not, in and of itself, be sufficient to establish the existence of a nuisance under this section.
RP § 14-120(h)(1) (emphasis added).
You indicate that various community organizations have expressed an interest in obtaining information about the execution of search warrants issued on the basis of allegations of drug violations in their communities. Specifically, the State's Attorney's Office has been asked to provide the address and date of execution of these warrants.
 II Search Warrants
Search warrants are governed by both statute and court rule. Application for a search warrant must be made before a circuit court or District Court judge. Annotated Code of Maryland, Criminal Procedure Article ("CP"), § 1-203(a)(1). The applicant must demonstrate by sworn affidavit that there is probable cause that a crime is being committed at a specific location within the court's jurisdiction, or that there is property subject to seizure under the State criminal law at such a location. CP § 1-203(a)(1)-(2).
The warrant, which is directed to police officers for execution, must describe "with reasonable particularity" the premises to be searched, the grounds for the search, and the name of the applicant for the warrant. CP § 1-203(a)(3). The judge issuing the warrant is to note the date of issuance on the warrant and retain a copy of the warrant, application, and affidavit. Maryland Rule 4-601(b).
The Maryland Rules provide that a search warrant is to be issued "with all practicable secrecy." Rule 4-601(b). More specifically, the search warrant and accompanying materials are not to be filed with the clerk until after the warrant is executed. Id.
The warrant must be executed within 15 days after it is issued. CP § 1-203(a)(4). At the time the warrant is executed, copies of the warrant and affidavit are normally left at the premises or with the person against whom the search was executed, together with an inventory of the items taken. Rule 4-601(c).
After execution of the warrant, the applicant must "return" the warrant to the court along with a written inventory of any property seized under the warrant.[2] Rule 4-601(e). The warrant, return, inventory, and other materials are to be filed with the clerk and sealed unless the court orders them to be opened for inspection. Id. A person who has an interest in the premises searched or from whom items were seized is entitled to a court order permitting review of the warrant, inventory, and related papers. Rule 4-601(g).
When a warrant is part of an investigation involving drug offenses, murder, or pornography, the court may order that the affidavit supporting the warrant be sealed) even from a person with an interest in the property) for a period of up to 30 days, upon a showing of good cause.[3] CP § 1-203(e)(2); Rule 4-601(b). Once unsealed, the affidavit is to be delivered to the subject of the search within 15 days. CP § 1-203(e)(4); Rule 4-601(c).
In a criminal prosecution in circuit court related to a search, the prosecutor is required to provide the defendant, without specific request, "any relevant material or information" regarding specific searches and seizures. Rule 4-263(a)(2)(A). In both circuit court and District Court, the prosecutor has an obligation to disclose any potentially exculpatory materials. Brady v. Maryland, 373 U.S. 83 (1963); Rules 4-262(a)(1), 4-263(a)(1). Potentially exculpatory material may encompass materials related to a search warrant, including the supporting affidavit.
Apart from mandated disclosures to defendants and to a person subject to a search, the Maryland Rules provide that search warrants and the materials filed with them are to be treated with confidentiality. In particular, the rules provide a sanction for disclosure of search warrant information by any "public officer or employee" in the absence of authorization by the rules or a court order:
 Contempt. Except for disclosures required for the execution of a search warrant or directed by this Rule or by order of court issued pursuant to this Rule, a person who discloses before its execution that a search warrant has been applied for or issued, or a public officer or employee who discloses after its execution the contents of a search warrant or the contents of any other paper filed with it, may be prosecuted for criminal contempt of court.
Rule 4-601(h) (emphasis added). Secrecy provisions regarding search warrant materials, and the accompanying threat of criminal contempt for their violation, have been part of the search warrant rule since its inception in 1967. See Former Maryland Rule 707(f) (1967).[4]
 III Analysis
The Maryland Public Information Act ("PIA") sets forth a general policy in favor of public access to records and information in the possession of government agencies. Annotated Code of Maryland, State Government Article ("SG"), § 10-612(a), § 10-613(a). However, the general rule of disclosure is subject to numerous exceptions delineated in the PIA and in other law. In particular, a custodian of a public record must deny a request under the PIA if inspection of the record "would be contrary to . . . the rules adopted by the Court of Appeals. . . ." SG § 10-615(2)(iii).
Rule 4-601(h) clearly forbids any "public officer or employee" from disclosing the contents of a search warrant or related materials, except in specified circumstances, on pain of being found in contempt of court. The address of the premises searched, the date of execution of the warrant, and the allegations of drug violations related to the property are part of the content of those documents. Thus, absent a court order permitting disclosure, the State's Attorney's Office may not provide that information to a community organization.[5] Of course, if the date and location of a drug-related search warrant become part of the record of public court proceedings, that information may be provided to a community organization.
The reference in the nuisance abatement law to evidence obtained from the execution of search warrants does not itself provide an exception to the confidentiality of search warrant materials. On its face, it hardly appears to be a legislative authorization to the State's Attorney's Office to share information relating to search warrants with community groups.[6] Rather, in our view, it simply recognizes that evidence obtained during a search may sometimes be available and probative of a property's relationship to illegal drug use.
Thus, a court order is ordinarily a prerequisite to disclosure of the contents of a search warrant and related materials. However, Rule 4-601 does not limit the purposes for which such a court order may be issued. No doubt the sealing requirement in the rule is designed to protect the integrity of law enforcement investigations, the fair trial rights of defendants,[7] and, in some measure, the privacy of those subjected to searches. Disclosure of the date and location of a drug-related search for use in a nuisance abatement action would appear to be a valid basis for such a disclosure order, if the State's Attorney determines that disclosure would not impair an ongoing investigation and the court determines that it would not interfere with a defendant's trial. In those circumstances, the availability of this evidence to a community organization could help further the public policy expressed by the Legislature in the nuisance abatement law.
 IV Conclusion
In our opinion, the State's Attorney's Office may not make available to a community organization the address and date of execution of a search warrant related to a drug violation unless a court order permits the disclosure or the information has otherwise been publicly disclosed — for example, as a result of a criminal prosecution. Disclosure of that information for purposes of a nuisance abatement action could be an appropriate basis for a court order.
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] For example, under the statute, the court may require a tenant to vacate the property, direct the owner to submit a plan for correction of the problem, or, in certain cases, order demolition of the property. RP § 14-120(f). See also Becker v. State,363 Md. 77, 767 A.2d 816 (2001).
[2] If, for some reason, the warrant is not executed within the 15-day period, it also must be returned to the court. The judge to whom the warrant is returned may destroy the warrant and related papers "or make any other disposition the judge deems proper." Rule 4-601(d), (f).
[3] To establish "good cause," the law enforcement officer must show that the investigation is of a continuing nature and that disclosure of the affidavit would jeopardize the use of information already obtained, impair the continuation of the investigation, or endanger a source of information. CP § 1-203(e)(3).
[4] These provisions were apparently derived from a New Jersey criminal practice rule. Former Rule 707 (1967), cross reference.
Notably, the parallel federal rule does not direct that executed warrants be routinely sealed. See Federal Rules of Criminal Procedure 41. See also Baltimore Sun Co. v. Goetz, 886 F.2d 60,65 (4th Cir. 1989) (recognizing common law right of access to search warrant materials). There is disagreement among the federal courts as to whether the First Amendment provides a right of access to search warrant materials. Compare Goetz, supra, (no constitutional right) with In re Search Warrant for Secretarial Area-Gunn, 855 F.2d 569 (8th Cir. 1988) (qualified constitutional right of access).
[5] In the absence of a court rule, the State's Attorney may also decline to disclose information from investigatory records, such as search warrant materials, to a community organization, if the State's Attorney determines that disclosure would be contrary to the public interest. SG § 10-618(f)(1). See Office of State Prosecutor v. Judicial Watch, Inc., 356 Md. 118, 737 A.2d 592
(1999).
[6] The legislative history of the drug nuisance abatement law confirms that the General Assembly was not focused on access to search warrant information when it added a reference to search and seizure warrants to the nuisance abatement statute. As originally proposed, the nuisance abatement legislation specifically authorized the introduction of evidence concerning the reputation of a property as a drug haven. See Senate Bill 638 (1991). Apparently concerned about the weight that might be accorded reputation evidence alone, the House Judiciary Committee amended the bill to provide that reputation evidence could only be used to corroborate other evidence apparently deemed more reliable and added the reference to search warrants, among other things. See Letter of Barbara A. Samuels, Legal Aid Bureau, to Delegate John S. Arnick, Chair of House Judiciary Committee (March 12, 1991) (criticizing bill's authorization of use of general reputation evidence). Thus, the statutory reference to evidence seized during the execution of a search warrant is simply a qualification on the use of reputation evidence, and not an independent authorization to admit or to obtain seized evidence.
[7] Cf. Washington Post Co. v. Hughes, 923 F.2d 324, 329 (4th Cir.), cert. denied,500 U.S. 944 (1991) (court may consider whether unsealing of search warrant affidavit would interfere with defendant's right to fair trial).
 *Page 83