## IN RE SEARCH WARRANTS EXECUTED ON JUNE 14, 2016

### CASE NO. 4:16–MJ–838 CONSOLIDATED WITH: CASE NO. 4:16–MJ–839

United States District Court, S.D. Texas, Houston Division.

Signed November 15, 2016

Entered November 16, 2016

## MEMORANDUM AND ORDER

DENA HANOVICE PALERMO,
UNITED STATES MAGISTRATE
JUDGE

Before the Court are Heart to Heart Hospice Holdings, LLC, Heart to Heart Hospice of Houston, LLC, and Heart to Heart Hospice of Greater Houston, LLC's (collectively, "Movants") Motion to Unseal Search Warrant Affidavits, and the United States' Renewed Motion to Seal Search Warrant Documents. [Dkt. Nos. 7, 12.] A magistrate judge's power to control access to judicial records falls under the "additional duties" prong of the Federal Magistrates Act, 28 U.S.C. § 636(b)(3). *In re Search Warrant Executed on Mar. 22, 2016*, No. 4:16–MJ–409, 195 F.Supp.3d 908, 909, 2016 WL 4272995, at *1 n.1 (S.D. Tex. July 15, 2016); *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 289 (4th Cir. 2013).

## BACKGROUND

On June 10, 2016, this Court issued two warrants authorizing the Government to search and seize evidence from Movants' premises in connection with a healthcare fraud investigation. Upon the Government's motion, the Court ordered the search warrants, the applications for the warrants, and the supporting affidavits and attachments sealed for ninety days. [Dkt. No. 3.] The Government executed the warrants on June 14, 2016.

On August 5, 2016, Movants moved to unseal the search warrant applications and affidavits. The Government filed a response in opposition, and Movants filed a reply. [Dkt. Nos. 11, 15.] Faced with the expiration of the ninety-day sealing period, the Government filed a renewed motion to seal on August 26, 2016. On September 2, the Court ordered that the search warrant documents remain sealed pending its deci-

sion on the motion to unseal. [Dkt. No. 13.] According to the Government, as of mid–August, its "investigation remain[ed] actively ongoing and no charges have been brought." (Gvt's Resp. at 2.)

## DISCUSSION

### A. Movants have a qualified common-law right of access to the search warrant applications and affidavits.

This Court recently held in another case seeking disclosure that "the public has a qualified common-law right of access to affidavits supporting search warrants when a pre-indictment investigation is underway." *In re Search Warrant Executed on Mar. 22, 2016*, 4:16–MJ–409, 2016 WL 3002358, at *3 (S.D. Tex. May 20, 2016), *rev'd sub nom. In the Matter of Three Sealed Search Warrants*, No. 4:16–MJ–409 (S.D. Tex. Aug. 17, 2016).[1] As the Government notes, the case was reversed on the basis that there is no common-law right of access to a warrant affidavit while a pre-indictment investigation is ongoing. (Gvt's Resp. at 8–9.) *See In the Matter of Three Sealed Search Warrants*, No. 4:16–MJ–409 (S.D. Tex. Aug. 17, 2016). That decision is currently on appeal in the United States Court of Appeals for the Fifth Circuit.

■ Until the Fifth Circuit issues a binding decision on this question, this Court continues to find that there is a qualified common-law right of access to

search warrant materials during a pre-indictment investigation. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S.Ct. 2020, 179 L.Ed.2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (internal quotation marks omitted)); *United States v. Baez*, 878 F.Supp.2d 288, 295 (D. Mass. 2012)) ("[D]ecisions of the federal district courts are not binding on any parties other than those in the case generating that particular decision."), *aff'd*, 744 F.3d 30 (1st Cir. 2014); *De Leon v. Travelers Lloyds of Texas Ins. Co.*, No. 7:13–CV–468, 2013 WL 5744456, at *2 (S.D. Tex. Oct. 23, 2013) (Alvarez, J.). For the reasons stated in its prior decisions, the Court rejects the Government's contrary contention. *See In re Search Warrant Executed on Mar. 22, 2016*, 2016 WL 3002358, at *2–4 & nn.2–4; *In re Search Warrant Executed on Mar. 22, 2016*, No. 4:16–MJ–409, 2016 WL 4272995, at *4–5 & nn.6–7.

■ Accordingly, the Court holds that Movants have a qualified common-law right of access to the search warrant materials in this case.[2]

### B. The search warrant materials should remain under seal.

■ To overcome the Movants' common-law right of access, the Government

---

1. *Accord Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 66 (4th Cir. 1989).

2. The common-law right of access to judicial records and documents serves crucial values that undergird a well-functioning justice system, regardless of whether a pre-indictment investigation is in progress. *See In re Search Warrant Executed on Mar. 22, 2016*, 2016 WL 3002358, at *2 ("Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better per-

ception of fairness." (internal quotation marks omitted)). While there may be countervailing interests in specific cases, it is appropriate to place the burden on the Government to justify continued sealing, rather than enact a *per se* rule in favor of secrecy. This will better ensure that these values do not become a dead letter. The Court also notes that although motions to unseal require magistrate judges to review warrant materials a second time, the benefits resulting from independent judicial oversight more than outweigh the marginal effort expended.

must show that keeping the materials "sealed is 'essential to preserve higher values and is narrowly tailored to serve that interest.' " *In re Search Warrant Executed on Mar. 22, 2016*, 2016 WL 3002358, at *4 (quoting *Baltimore Sun*, 886 F.2d at 65–66). "Because the judicial officer must consider alternatives to keeping the documents sealed, disclosure of some documents or provision of a redacted version will ordinarily be necessary." *Id.* at *3.

 Having independently reviewed the materials and considered the Government's arguments for retaining them under seal, the Court concludes that unsealing would be inappropriate *at this time.* Specifically, unsealing the materials would substantially undermine the Government's *ongoing* investigation because unsealing would reveal sensitive information about the investigation's nature, scope, and direction, and would identify other investigation targets. *See id.* at *4 ("Whether unsealing an affidavit will unduly interfere with an ongoing investigation necessarily depends on the content of that particular affidavit, the precise nature of that investigation, and other case-specific factors."). While the Court has considered the possibility of unsealing redacted versions of the documents, it views that alternative as impractical in the particular circumstances of this case. *See In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (finding "line-by-line" redactions of sealed documents "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information).

## CONCLUSION

For the foregoing reasons, Court **ORDERS** that the motion to unseal is **DENIED** without prejudice to Movants' right to renew the motion at a later date. The Government's renewed motion to seal is **GRANTED** for a period of ninety days from the date of this order.