In the Matter of the Search of 949 ERIE STREET, RACINE, WISCONSIN, further described in the attached Description of Premises to be Searched—a portion of the building known as 949 Erie Street, Racine, Wisconsin.

No. 86–59M.

United States District Court, E.D. Wisconsin.

Sept. 5, 1986.

Elsa Lamelas, Asst. U.S. Atty., Milwaukee, Wis., for petitioners.

John Peyton, Stewart, Peyton, Crawford, Crawford & Stutt, Racine, Wis., for defendants.

## DECISION AND ORDER

WARREN, Chief Judge.

Enviro-Analysts, Inc. and Shephard Plating Company, Inc. (hereinafter collectively

referred to as "petitioners" and individually referred to as "E–A" and "Shephard Plating", respectively) commenced this action pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure seeking an order requiring the return of property seized by the Environmental Protection Agency ("EPA") pursuant to a search warrant issued on August 8, 1986, by Magistrate Robert L. Bittner. Petitioners also seek an order quashing this search warrant.

## Background

By way of overview, the Court sets forth the following pertinent facts as drawn from the affidavit submitted by the EPA in conjunction with its application for the subject search warrant. E–A is in the business of providing environmental testing and consulting for industry clients regarding whether these clients meet applicable EPA standards in their generation, treatment, disposal and/or storage of hazardous wastes. The record does not specify the nature of Shephard Plating's business, however, apparently it performs laboratory testing similar to that performed by E–A. Further, both the E–A and Shephard Plating businesses occupy the same building at 949 Erie Street, Racine, Wisconsin and at times E–A employees use the Shephard Plating laboratory facilities. The same person owns both E–A and Shephard Plating.

On August 8, 1986, Magistrate Bittner issued the subject search warrant and granted the EPA's motion to seal the search warrant affidavit for sixty days. On its face, the warrant authorized the search of the petitioners' building located at 949 Erie Street, Racine, Wisconsin. Attached to and incorporated by reference in the search warrant is a detailed description of the premises to be searched and two descriptions of the property to be seized.

Pursuant to this search warrant, between the hours of 9:30 a.m. on August 12, 1986 and 8:30 p.m. on August 13, 1986, the EPA searched the petitioners' building and seized various property. On August 14, 1986, the EPA submitted to Magistrate Bittner an inventory of the items seized listing some 250 items. Petitioners claim that the seizure of these items has rendered them incapable of conducting their businesses. Further, petitioners specify numerous items of the 250 items listed by the EPA as seized, as being vital to the functioning of their operations. In response, counsel for the EPA assures the Court and petitioners that xeroxed copies of those items necessary for petitioners to perform their business operations have been, or will be in the near future, conveyed to petitioners.

The grounds for the petitioners' present motion are that (1) the subject search warrant unconstitutionally describes the property to be seized only in terms of the allegedly violated criminal statute and (2) the search warrant allows for an unconstitutional "general" search.

## Analysis

### I. Whether An Evidentiary Hearing Is Required

As a preliminary matter, the Court must determine whether an evidentiary hearing is required. Evidentiary hearings on Rule 41(e) motions are not granted as a matter of course. *United States v. Migely,* 596 F.2d 511, 513 (1st Cir.1979). The moving party must allege detailed and nonconjectural facts which, if proved, would require the grant of relief. *Id.* Such facts must be material, disputed and pertinent to an issue necessary to resolving the motion. *Matter of Searches and Seizures Conducted, Etc.,* 665 F.2d 775, 776 (7th Cir.1981); *see also United States v. Gross,* 137 F.Supp. 244, 246 (S.D.N.Y. 1956); *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir.1983). The moving party bears the burden of establishing that there are disputed issues of material fact. *Matter of Searches and Seizures Conducted, Etc.,* 665 F.2d at 776. Finally, determining whether a hearing is required depends upon the particular facts attending the motion. *Harrelson,* 705 F.2d at 737.

Petitioners base their Rule 41(e) motion solely on the subject search warrant's as-

serted invalidity. Specifically, petitioners contend that the warrant's facial description of the property to be seized in terms of the allegedly offended statute and the "general" nature of the attached descriptions of property to be seized renders the warrant and the resulting seizure unconstitutional. The parties do not dispute the items seized pursuant to the search warrant. Nor do petitioners allege the unconstitutionality of the warrant's execution.

In sum, petitioners ask this Court to determine whether on its face the subject search warrant passes constitutional muster and, if not, to quash it and order the return of all property seized. Petitioners fail to identify any disputed issues of material fact pertinent to resolving the present motion. As such, an evidentiary hearing will not aid the Court in resolving this matter and, accordingly, the Court hereby **DECLINES** to order such hearing.

## II. Description of Property In Terms Of The Allegedly Offended Statute

The face of the subject search warrant states in part as follows:

> there is now concealed a certain person or property, namely to which employees of the Environmental Protection Agency seek access for the purpose of (1) inspecting, photographing and videotaping facilities, equipment and devices, and (2) seizure of documentary evidence, these items of property being further described in the two attached descriptions of property to be seized; which is evidence of violations of 33 U.S.C. Section 1319(c)(2); 42 U.S.C. Section 6928(d)(3); and 18 U.S.C. Section 1001.

Petitioners claim that this facial description of the property to be seized in terms of the allegedly offended statutes renders the warrant unconstitutional.

■ The Court can quickly dispose of this argument. The above-quoted description explicitly states that the attached descriptions of property to be seized further identifies those items of property covered by the warrant. Such an attached description is appropriately considered in determining the validity of a search warrant.

*See generally* 2 W. LeFave, *Searches and Seizure* § 46 at 100–01 (1978). The mere fact that the face of the search warrant refers to the statute allegedly violated does not by itself render the warrant defective. The Court will consider the warrant *in toto*, including the attachments, to determine its validity.

## III. The Search Warrant's Validity

■ The Fourth Amendment to the United States Constitution commands that no warrant shall issue except those "particularly describing the ... things to be seized." This mandate requires that "[a] search warrant must describe the objects of a search with reasonable specificity; general warrants are prohibited by the fourth amendment." *United States v. Pritchard*, 745 F.2d 1112, 1121 (7th Cir. 1984). However, "a reasonably specific warrant does not mean that the warrant must be 'elaborately detailed' ... or enable authorities 'to minutely identify every item for which they are searching' ...." *Id.* at 1122. Rather, the warrant must particularly describe the things to be seized and prevent the seizure of one thing under a warrant describing another. *Marron v. United States*, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927).

■ In the present case, petitioners argue that the subject search warrant is facially overbroad and allows for an unconstitutional general warrant. In determining the warrant's facial validity, the Court must review the Magistrate's basis upon which he found probable cause for the warrant's issuance. *See* 2 W. LeFave, *supra* § 4.6(a) at 96 ("the requirement of particularity is closely tied to the requirement of probable cause.") This review, in the present context, necessarily involves a two-step procedure. First, the Court will review whether the information relied upon by the Magistrate was sufficient to establish probable cause to issue the warrant. Second, if the Court upholds the Magistrate's probable cause determination, then it must determine whether this probable

cause justifies the warrant's descriptions of the property to be seized.

■ The Court must give substantial deference to the Magistrate's finding of probable cause in reviewing this determination. *See Massachusetts v. Upton,* 466 U.S. 727, 732–33, 104 S.Ct. 2085, 2087–88, 80 L.Ed.2d 721 (1984) (*per curiam* ). The judgment as to whether there is probable cause must be made in a practical, nontechnical manner and in doubtful cases the Magistrate's finding should be sustained. *Id; Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The Supreme Court has explained what probable cause to issue a warrant means:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332.

In support of its application for the subject search warrant, the EPA submitted the affidavit of its investigating agent, Judy Roberts Vasey. This affidavit reports the contents of the agent's interviews and conversations with various former employees of E–A and Shephard Plating and the agent's various factual discoveries obtained pursuant to her investigations. Specifically, after detailing the applicable statutory and regulatory background, Ms. Vasey lists six former employees of E–A and Shephard Plating whom she interviewed during her investigations. These employees relayed to Ms. Vasey their job duties with petitioners which typically included laboratory analysis work and the preparation of reports for regulatory agencies.

Ms. Vasey's affidavit proceeds to recount her investigations of eleven separate incidents of alleged falsification of records and data submitted with regulatory agencies. Ms. Vasey avers that she reviewed various regulatory files pertaining to E–A clients.

These files contained reports submitted by E–A indicating their clients' compliance with various permits and regulations/statutes. Ms. Vasey states that her interviews with the petitioners' former employees revealed that the reports prepared by E–A for the regulatory agencies were based on tests and analyses never performed. Several different methods for generating the false information are detailed: values were reported for samples which were never taken, the analytical values reported initially were subsequently changed on the final report to the agencies and E–A's routine use of unapproved methodology for testing.

Based on those allegations, Ms. Vasey submitted that there existed probable cause to believe that laboratory data and reports were routinely being falsified by E–A in the normal course of business, violative of various federal statutes. Accordingly, the EPA requested issuance of a search warrant for the premises located at 949 Erie Street, Racine, Wisconsin—further described in the "Description of Premises to be Searched" attached to the search warrant application. Further, the descriptions of the property to be seized, also attached to the search warrant application, details a broad array of petitioners' documentary property to be seized.

### Ruling

The Court finds that the search warrant at issue is not an unconstitutional general warrant. The breadth of the warrant does not, in and of itself, render the warrant unconstitutional. The Magistrate was presented with a lengthy, detailed affidavit establishing probable cause to believe that the petitioners in conducting their operations engaged in pervasive falsifications of reports submitted to regulatory bodies on behalf of their clients. The affidavit displayed the information obtained by the investigating agent pursuant to interviews with former E–A and Shephard employees and her independent perusal of regulatory agencies' files. Upon comparison, this information revealed numerous discrepancies between the information reported to the

regulatory bodies and the information actually obtained via laboratory analyses and testing.

The Court finds that the Magistrate appropriately found probable cause to believe that the petitioners, during the normal course of their business, falsified submissions to regulatory agencies, based on the detailed instances of such falsifications described in Ms. Vasey's affidavit. Accordingly, the search warrant which authorized the seizure of an extensive array of petitioners' property was not unconstitutionally broad since the probable cause established a belief that the alleged criminal activity permeated petitioners' businesses. *United States v. Hershenow*, 680 F.2d 847, 852 (1st Cir.1982) (seizure of all automobile accident files of a doctor appropriate where the affidavit supports the inference of the probability of fraud throughout the doctor's accident practice); *United States v. Brien*, 617 F.2d 299, 309 (1st Cir). *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980) ("where there is probable cause to find that there exists a pervasive scheme to defraud, all the business records of an enterprise may be seized, if they are ... accurately described...."). In conclusion the Court finds the subject search warrant valid and hereby DENIES petitioners' Rule 41(e) motion.