824 F.2d 538
 26 ERC 1293
 In the Matter of the Search of 949 ERIE STREET, RACINE,
WISCONSIN, further described in the attached Description of
Premises to be Searched--a portion of the building known as
949 Erie Street, Racine, Wisconsin.
Appeal of ENVIRO-ANALYSTS, INC., and Shepard Plating
Company, Inc., Petitioners.
 No. 86-2801.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 27, 1987.
Decided June 22, 1987.
 
 John Peyton, Stewart, Payton, Crawford, Crawford & Stutt, Racine, Wis., for respondents.
 Elsa C. Lamelas, Asst. U.S. Atty., and Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for petitioners.
 Before BAUER, Chief Judge, FLAUM, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 BAUER, Chief Judge.
 
 
 1
 This is an appeal from the district court's denial of a motion for return of property seized from the premises at 949 Erie Street, Racine, Wisconsin, 645 F.Supp. 55 (E.D.Wis.1986). We find that we lack jurisdiction and dismiss the appeal.
 
 I.
 
 2
 On August 12, 1986, agents of the Environmental Protection Agency ("EPA") searched Enviro-Analysts, Inc. ("Enviro-Analysts") and Shepard Plating Co., Inc. ("Shepard"), both located at 949 Erie Street in Racine, Wisconsin. Enviro-Analysts provides environmental testing and consulting to various industries to determine whether they meet EPA standards in their generation, treatment, disposal or storage of hazardous waste. Shepard performs laboratory testing similar to that provided by Enviro-Analysts. Magistrate Bittner issued a warrant to search the premises at 949 Erie Street and sealed the attached affidavit for sixty days. During a two day search, the EPA seized some 250 items relating to Enviro-Analysts' and Shepard's businesses. The agents copied many of those documents seized and gave the copies to Enviro-Analysts and Shepard to minimize the disruption to their businesses.
 
 
 3
 On August 15, 1986, Enviro-Analysts and Shepard filed a motion with the district court under FED.R.CRIM.P. 41(e) for return of the seized documents and to quash the warrant. The motion challenged the constitutionality of the search warrant for allowing a general search and for failing to describe the items to be seized with particularity. The district court denied the motion, 645 F.Supp. 55, and this appeal followed.
 
 II.
 
 4
 To avoid piecemeal litigation we permit appeals only from final orders or judgments. Catlin v. United States, 324 U.S. 229, 233-34, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945). Although various exceptions have been carved from this rule, it is nonetheless the cornerstone of appellate jurisdiction. An order denying the suppression of evidence or denying a motion to quash a warrant in a criminal trial is interlocutory and generally not appealable by a private party until a final judgment in the case has been rendered.[1] Cogen v. United States, 278 U.S. 221, 223-24, 49 S.Ct. 118, 119, 73 L.Ed. 275 (1929). Akin to a motion to suppress evidence or quash a warrant is a motion for return of seized property pursuant to FED.R.CRIM.P. 41(e).[2] Under Rule 41(e), an aggrieved party may request the return of unlawfully seized property. If the motion is granted, any evidence so seized is inadmissible in a subsequent hearing or trial. FED.R.CRIM.P. 41(e). Thus, although ostensibly for the return of property alone, the effect of an order granting a Rule 41(e) motion is the same as an order quashing a warrant or suppressing evidence. Unlike an order quashing a warrant or suppressing evidence, however, a Rule 41(e) order may be immediately appealable. This is because such a motion may represent the entirety of the case below.
 
 
 5
 The possible abuses of Rule 41(e) motions should be apparent. Without restraints on its use, Rule 41(e) motions would become the preferred route of challenge simply because a party could get immediate review of an adverse decision. In DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), the Supreme Court closed this potential loophole by allowing appeals from orders denying Rule 41(e) motions "[o]nly if the motion is solely for the return of property and is in no way tied to a criminal prosecution in esse against the movant...." Id. at 131-32, 82 S.Ct. at 660-61. The Court noted that without such limits, Rule 41(e) Motions could become "instruments of harassment," jeopardizing the availability of essential evidence. Id. at 129, 89 S.Ct. at 659. The Court further noted that appellate intervention on issues of admissibility in criminal trials is especially troublesome because the "legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light." Id. There are, therefore, strong policies behind our rule that appellate courts have no jurisdiction to review pre-indictment orders denying the return of seized property unless (1) the motion is solely for the return of property; and (2) the motion is in no way tied to a criminal prosecution in esse against the movant.
 
 
 6
 A motion for return of property is not tied to a criminal prosecution until the criminal process shifts from investigatory to accusatory; that is, until charges have been filed against the movant. Angel-Torres v. United States, 712 F.2d 717, 719 (1st Cir.1983). See also United States v. Search Warrant for 405 N. Wabash, 736 F.2d 1174, 1175-76 (7th Cir.1984) (noting that an indictment initiates a prosecution in esse for purposes of DiBella ); Mr. Lucky Messenger Serv., Inc. v. United States, 587 F.2d 15, 16 (7th Cir.1978) (discussing the DiBella standard as it related to an equitable motion for return of property). Although there is a pending investigation against appellants, there is no outstanding indictment or information. Therefore, the first prong of DiBella is satisfied--there is no criminal prosecution in esse.
 
 
 7
 We must next determine whether appellants' motion is solely for the return of their property. Courts have interpreted DiBella to require only that a Rule 41(e) motion be directed "primarily" to the return of evidence. In re Grand Jury Proceedings, 716 F.2d 493, 495 (8th Cir.1983); Imperial Distributors, Inc. v. United States, 617 F.2d 892, 895 (1st Cir.), cert. denied, 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980); United States v. Premises Known as 608 Taylor Ave., 584 F.2d 1297, 1300 (3d Cir.1978). Therefore, we must determine whether the "essential character" of the motion was for the return of property rather than for the suppression of evidence. In re Grand Jury Proceedings, 716 F.2d at 495.
 
 
 8
 In the affidavit appended to the Rule 41(e) motion below, the president of Enviro-Analysts alleged that the seizure of documents, reports, analyses and records affecting work in progress "prevents company employees from completing their analyses and reports and confiscation of the companies' business records necessary for daily operation prevents the companies from conducting their business." (Affidavit of John R. Ruetz, para. 11). Appellants maintain that this is sufficient to show that their motion was directed primarily toward the return of the seized property. The government asks us to look beyond the face of the motion and examine appellants' true motive in bringing the motion. The true motive is apparent, the government contends, because the government has supplied or has offered to supply copies of everything seized. Appellants have not demonstrated any need for the original seized documents that could not be fulfilled by copies. Thus, the government asserts, the motion is directed primarily toward suppressing the evidence and not, as appellants maintain, toward return of the property.
 
 
 9
 We agree that in determining jurisdiction to review an order denying Rule 41(e) relief, a court must look beyond the face of the motion. If we did not do so, a movant could sidestep our strict jurisdictional rules by merely alleging that it required the seized documents. We do not decide here the parameters of such an investigation; clearly an appellate court cannot be called upon to make credibility determinations. Suffice it to say that where the government has offered to provide copies and the movants have not even attempted to show that copies are inadequate to solve the difficulties alleged in the affidavit, we cannot find that the motion is directed primarily toward the return of the seized property.
 
 
 10
 Appellants argue that if we decline jurisdiction, they will be unable to secure review of the denial of the Rule 41(e) motion in any subsequent appeal. Appellants fear that the doctrine of res judicata will preclude them from presenting a motion to suppress or to quash the warrant in a subsequent proceeding or trial. The doctrine bars a second suit involving the same parties and the same cause of action once a judgment has been rendered on the merits by a court of law. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). Collateral estoppel is a related doctrine, also known as issue preclusion, which prohibits a party from relitigating issues crucial to a prior judgment which were actually litigated in the prior suit. Id. Neither doctrine has any relevance to an interlocutory order, which may be changed by the district court at any time prior to final judgment. Cameo Convalescent Center, Inc. v. Percy, 800 F.2d 108 (7th Cir.1986). Thus, neither res judicata, nor collateral estoppel will prevent appellants from seeking to suppress evidence or quash the warrant in any subsequent proceeding. A judge may, in his or her discretion, decline to reconsider an issue already decided under the "law of the case" doctrine. Messinger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). While this may prevent further consideration by the district court, it would not prevent an appellate court from reviewing the underlying order on appeal.
 
 
 11
 Appellants have failed to establish that their Rule 41(e) motion was directed primarily toward the return of the seized property. We therefore lack jurisdiction to consider this case. The appeal is
 
 
 12
 DISMISSED.
 
 
 
 [1]
 The government may appeal an order granting the suppression of evidence or an order granting the return of seized property pursuant to Rule 41(e). 18 U.S.C. Sec. 3731
 
 
 [2]
 FED.R.CRIM.P. 41(e) provides:
 (e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.