In The Matter Of The Search Of WAG–AERO INC., 1216 North Road Township of Lyons, Wisconsin.

No. 92–091M(B).

United States District Court, E.D. Wisconsin.

Aug. 14, 1992.

John E. Fryatt, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for the U.S.

Michael, Best & Friedrich by Paul F. Linn, Douglas P. Dehler, Milwaukee, Wis., for Wag–Aero.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The premises of Wag–Aero Inc. were searched on June 4, 1992, pursuant to a search warrant issued by magistrate judge Robert L. Bittner. The government submitted an ex parte application to the magistrate judge to cause the relevant documents (the search warrant, etc.) placed under seal. That application was granted upon the magistrate judge's finding that disclosure "would adversely effect the ongoing criminal investigation being conducted."

The sealing was ordered on June 19, 1992, to be operative "until such time as charges are issued in this matter, not to exceed 6 months." Wag–Aero's motion for unsealing was denied by magistrate judge Bittner in a marginal order dated June 29, 1992. Wag–Aero has appealed the latter order to the district court.

█ I will touch only very briefly on two side issues which have been presented along with this appeal. One is whether Wag–Aero's appeal is timely; I find it is. *See* Federal Rules of Civil Procedure 6(a); Federal Rules of Criminal Procedure 45(a). The second issue is whether an affidavit filed by customs special agent Becker—after the order on appeal was entered—should be stricken; I find it should not be stricken. This is a review of a nondispositive motion, and under Local Rule 13.02(b) the district judge is given broad scope in his review; he may even "reconsider any matter *sua sponte.*" The local rules also provide in Rule 13.03(c) that in addressing dispositive motions the judge "may receive further evidence."

The district court local rules also set forth the standard to be applied in review-

ing an appeal of a nondispositive motion. Section 13.02(b) provides that the court may "set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

■ In its original request for an order to seal the record, the government represented that disclosure "could have" an adverse effect on its ongoing investigation. This premise appears to be the principal basis for the decision of the magistrate judge to enter a sealing order and also his denial of Wag–Aero's motion to unseal. The magistrate judge had before him an affidavit by a special agent of the customs service which asserted a belief that Wag–Aero had committed "probable wrong doings" and opined that disclosure would enable the target company to obstruct the investigation and also might threaten the safety of an unnamed witness. I believe that the heavy cloak of secrecy has been misapplied in this case, and the order which permits prolonged sealing is clearly erroneous.

This case involves the seizure of aircraft parts belonging to Wag–Aero, as well as company files and business records. The government contends that these items may reveal importation crimes. It is the position of the United States that the seized aircraft parts were not approved by the FAA and were illegally imported duty free into the United States by Wag–Aero.

The seizure in this case occurred on June 4, 1992, and since that date, a large number of documents and aircraft parts have been in the possession of the government. If the ruling of the magistrate judge is correct, the United States may retain possession of these items until December 4, 1992, before the target is permitted to examine the record.

In my opinion, Wag–Aero has a right to consider whether it wishes to challenge the issuance of the search warrant and whether it wishes to seek to obtain the return of its property. These rights are obviously seriously encumbered by the present seal. My reading of the government's application for the search warrant and the supporting affidavit demonstrates that the harm to the United States of disclosure at this time is significantly outweighed by the injury to Wag–Aero's due process rights flowing from nondisclosure—which must be endured for an extensive period. A balancing of the respective rights of the parties persuades me that the order to seal was clearly erroneous and must be set aside.

Therefore, IT IS ORDERED that the sealing order entered by the magistrate judge on June 19, 1992, be and hereby is vacated.

IT IS ALSO ORDERED that the order of the magistrate judge dated June 29, 1992, denying Wag–Aero's motion to unseal the record be and hereby is reversed.